

Office of the Clerk
**United States Court of Appeals for the Ninth Circuit**
Post Office Box 193939
San Francisco, California 94119-3939
415-355-8000



**FILED**

MAR 24 2022

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

Molly C. Dwyer
Clerk of Court

## DOCKETING NOTICE

| | |
|---|---|
| Docket Number: | 22-557 |
| Agency Number(s): | A205-526-944 |
| Case Title: | Rodriguez Mayorga v. Garland |

Dear Petitioner(s)

Your Petition for Review has been opened in the United States Court of Appeals for the Ninth Circuit and the docket number shown above has been assigned to this case. You must indicate this docket number in every communication and filing you submit to the court about this case.

You are the petitioner(s) in this court because you filed the petition for review. You must file an opening brief, and you may file a reply brief after the government files their answering brief. The brief due dates are listed in the attached Briefing Schedule. These dates can be extended only by court order.

*Your Petition for Review includes a request for stay of removal. Pursuant to G.O. 6.4(c), a stay of removal is in effect until that request has been addressed.*

**Petitioners who are filing pro se should refer to the accompanying information sheet regarding the filing of informal briefs.**



Office of the Clerk
**United States Court of Appeals for the Ninth Circuit**
Post Office Box 193939
San Francisco, California 94119-3939
415-355-8000

Molly C. Dwyer
Clerk of Court

## BRIEFING SCHEDULE

Docket Number:    22-557
Agency Number(s):  A205-526-944
Case Title:        Rodriguez Mayorga v. Garland

| | |
|---|---|
| Thursday, April 28, 2022 | Certified Administrative Record due |
| Thursday, May 19, 2022 | Respondent Response to Stay Motion (Filed with PFR) due |
| Monday, June 27, 2022 | Petitioner Opening Brief due |
| Friday, August 26, 2022 | Respondent Answering Brief due |

Optional Reply Brief due 21 days after service of Answering Brief.

**If the opening brief is not filed by the deadline, the court may dismiss this case.**
*See* 9th Cir. R. 42-1.